UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALICIA J. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-278 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Petition for Attorney Fee Pursuant to § 206(b)(1)

[DE 28] filed by Frederick J. Daley, counsel for the plaintiff, Alicia J. Wade, on April 10, 2020.

For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Alicia J. Wade, filed an application for Disability Insurance Benefits on

January 7, 2014.  Her claim for benefits was denied.  Wade appealed to an administrative law

judge (ALJ), who likewise denied her claim on June 28, 2016.  On June 29, 2017, Wade initiated

this action for judicial review of the denial of her application for benefits.  This court entered an

opinion and order remanding this matter to the Agency for further proceedings on October 4,

2018.  Accordingly, this court has jurisdiction over this fee petition pursuant to 42 U.S.C. §

406(b).

On December 28, 2018, the parties filed a joint stipulation to award of attorney fees

under the Equal Access to Justice Act (EAJA).  On January 2, 2019, the court granted the

stipulation and awarded Wade $7,211.96 for attorney fees in full satisfaction of all claims under

the EAJA, 28 U.S.C. § 2412.

Thereafter, Wade prevailed on remand when the ALJ issued a favorable decision, awarding benefits back to January of 2013.  The Social Security Administration issued a Notice of Award letter dated November 19, 2019, awarding Wade past-due benefits in the amount of $66,616.48, 25% of which is $16,654.12.  Wade received $15,078.37 from disability insurance benefits and $1,575.75 from widow's benefits.  Wade has agreed to pay Attorney Daley a maximum of 25% of all past-due benefits awarded to her, with any EAJA fee award and any administrative fee paid by the Social Security Agency to be deducted from a § 406(b) award.

Attorney Daley asks the court to authorize an award of attorney fees in the amount of $16,654.12 pursuant to 42 U.S.C. § 406(b).  The Commissioner filed a response on April 14, 2020, indicating that he neither supports nor opposes the request for attorney fees.  Therefore, the instant motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* **42 U.S.C. § 406(a)**, as well as representation before the court, *see* **42 U.S.C. § 406(b)**.  *See **Culbertson v. Berryhill**,* 139 S. Ct. 517, 520 (2019) (quoting ***Gisbrecht v. Barnhart**,* 535 U.S. 789, 794 (2002)).  Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled.  **42 U.S.C. § 406(b)(1)(A)**; ***Gisbrecht**,* 535 U.S. at 792.  "The reasonableness analysis considers the 'character of the representation and the results achieved.'"  ***Gisbrecht**,* 535 U.S. at 808.  The award may be reduced because of an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case.  ***Gisbrecht**,* 535 U.S. at 808.  Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must

either refund the EAJA award or subtract that amount from the § 406(b) request.  *See* ***Gisbrecht,***

535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Daley requests $16,654.12 in attorney fees, which is 25% of Wade's past-due

benefits.  He has indicated that the requested fee award is reasonable for the 38.45 hours spent

representing Wade in federal court.  Attorney Daley's total requested fee would amount to an

hourly rate of about $433.00.  This calculated rate is within the bounds of reasonableness in this

district.  *See* ***Taylor v. Berryhill***, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting

cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to

$600 are consistently found to be reasonable.").  Furthermore, there is no indication of

ineffectiveness of counsel or minimal effort expensed in this case.  Accordingly, the court finds

that the requested fee is reasonable.

Based on the foregoing reasons, the court hereby **GRANTS** the Petition for Attorney Fee

Pursuant to § 206(b)(1) [DE 28] and **AWARDS** plaintiff's counsel a total of $16,654.12 in

attorney fees pursuant to § 406(b)(1) of the Social Security Act.  The court **ORDERS** that

payment by the Commissioner in the amount of $16,654.12 be made directly to counsel

Frederick J. Daley, Jr. in accordance with the fee agreement signed by the plaintiff, and

**DIRECTS** counsel to promptly refund the plaintiff the EAJA funds in the amount of $7,211.96.

ENTERED this 23rd day of April, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge